UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN CORRION,

    Plaintiff,

v.

                              Case No. 09-cv-11531

NICK LUDWICK,                HONORABLE STEPHEN J. MURPHY, III

    Defendant.

_____/

**ORDER DENYING PLAINTIFF'S MOTION UNDER
<u>RULE 60(b)(1)TO CORRECT HIS MISTAKES</u> (docket no. 8)**

      Plaintiff John A. Corrion has moved for relief from the Court's Order and Judgment summarily dismissing his civil rights complaint. The Court determined that the complaint was frivolous and failed to state a claim because Corrion did not show that defendant Nick Ludwick was personally involved in the incidents about which Corrion complained.

      In his pending motion, brought under Federal Rule of Civil Procedure 60(b)(1), Corrion seeks relief from the judgment so that he can correct his mistakes in the complaint, which he claims were inadvertent and the result of excusable neglect. He alleges that he failed to state the defendant's name in paragraphs 5 and 8 of his complaint and that he neglected to state in paragraph 17 that Judith Radditz and Officer Eldridge were being sued in their personal and official capacities. He seeks to have the Court set aside its judgment and allow him to file an amended complaint.

      Federal Rule of Civil Procedure 60(b)(1) "permits courts to reopen judgments for reasons of 'mistake, inadvertence, surprise, or excusable neglect.'" *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). In order to obtain relief under

Fed. R. Civ. P. 60(b)(1), the moving party must demonstrate both the existence of mistake, inadvertence, surprise, or excusable neglect, and a meritorious claim or defense. *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir. 1980). Neither carelessness nor ignorance of the law on the part of the moving party will justify relief under Fed. R. Civ. P. 60(b)(1). *Saxion v. Titan-C-Mfg, Inc.*, 86 F.3d 553, 558 n.1 (6th Cir. 1996).

Corrion's errors appear to be the result of carelessness or ignorance of the law, as opposed to excusable neglect. Furthermore, prisoners may not alter or amend their complaints to avoid a summary dismissal. *See Baxter v. Rose,* 305 F.3d 486, 488-89 (6th Cir. 2002), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Benson v. O'Brian*,179 F.3d 1014, 1016 (6th Cir. 1999); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *abrogated on other grounds by Jones v. Bock*, 549 U.S. at 199. Accordingly, Corrion's motion for relief from judgment and to amend his complaint will be denied.

**WHEREFORE**, it hereby **ORDERED** that Plaintiff's motion for relief from judgment and to amend his complaint (docket no. 8) is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 13, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 13, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager

2